IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODNEY ROBINSON, | |
| Plaintiff, | |
| V. | 8:16CV240 |
| DANIELLE JO MOORE, | |
| Defendant. | **MEMORANDUM AND ORDER** |

This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) For the reasons that follow, the court finds it does not have subject matter jurisdiction over this suit. Therefore, this action will be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff, a non-prisoner, alleges that while he was incarcerated, Defendant cashed two of his social security checks. The checks totaled $1,466.00. Plaintiff seeks reimbursement from Defendant.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject matter jurisdiction is proper under 28 U.S.C. § 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325

(8th Cir. 1986).

Here, it is clear that this court does not have subject matter jurisdiction. Diversity jurisdiction is lacking because all parties are Nebraska residents and the amount in controversy is less than $75,000.00. Moreover, the Complaint does not contain facts suggesting the existence of federal question jurisdiction. Plaintiff does not allege that the constitution or any specific federal statute was violated by the alleged theft. (Filing No. 1.) Moreover, courts have found that civil cases alleging theft of social security checks should be heard in state, rather than federal, courts. *See* Howard v. Howard, C/A No. 3:10-2514-CMC-JRM, 2010 WL 5055936, *2 (D. S.C. Nov. 16, 2010) (finding no subject matter jurisdiction in case dealing with theft of social security checks, reasoning that actions involving conversion of property "are a matter of state law to be heard in the state courts, unless diversity jurisdiction is present"). *See also* Chavin v. Cole Taylor Bank, No. 06-C-6856, 2007 WL 528374, (N.D. Ill. Feb. 14, 2007) (dismissing case based on theft of social security checks for lack of subject matter jurisdiction).

IT IS THEREFORE ORDERED that this case is dismissed without prejudice to reassertion in the proper forum. Judgment will be entered by separate document.

DATED this 10th day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

3